So Ordered.

Signed this 4 day of August, 2021.

_____
Robert E. Littlefield, Jr.
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
| In re | : | Chapter 7 |
| | : | |
| AMBICA M&J TWO, LLC, <u>et</u>. <u>al</u>.[1], | : | Case No. 21-10014 |
| | : | |
| Debtor. | : | (Jointly Administered) |

---------------------------------------------------------------------x

**ORDER AUTHORIZING AND APPROVING (I) THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS; (II) THE PROCEDURES GOVERNING THE ASSUMPTION AND ASSIGNMENT OF CONTRACTS; AND (III) RELATED RELIEF**[2]

Upon that portion of the motion (the "<u>Motion</u>"),[3] dated May 5, 2021, of Christian H. Dribusch, Chapter 7 trustee (the "<u>Trustee</u>") of the estates of Ambica M&J Two LLC ("<u>Ambica</u>"), Jagdamba II Corp. ("<u>Jagdamba II</u>") and Maha Laxmi II Corp. ("<u>Maha Laxmi</u>", and collectively, the "<u>Debtors</u>"), seeking the entry of an Order, pursuant to sections 105, 363, 365, 503 and 507 of

---

[1] The Debtors in these jointly administered cases are Ambica M&J Two LLC; Jagdamba II Corp. and Maha Laxmi II Corp.

[2] Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact when appropriate. *See* FED. R. BANKR. P. 7052.

[3] Capitalized terms used but not otherwise defined herein shall be ascribed the meanings provided to those terms in the Motion or the Purchase Agreement (defined below), as applicable.

1

title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1, 6004-1, 6006-1 and 9006-1(b) of the Local Bankruptcy Rules for the Northern District of New York (the "Local Bankruptcy Rules"): (a) authorizing and approving the Asset Purchase Agreement, dated July 9, 2021 (the "Purchase Agreement"), in the form annexed hereto as **Exhibit A**, among the Trustee and VIA TAVDI LLC, or its designee (the "Buyer"), pursuant to which the Trustee proposes to sell substantially all the Debtors' assets to Buyer free and clear of any and all liens, claims and encumbrances, subject to higher and better offers, except as set forth in the Purchase Agreement; (b) authorizing and approving the sale of the Purchased Assets (as defined in the Purchase Agreement) free and clear of liens, claims and encumbrances, except as set forth in the Purchase Agreement (the "Sale Transaction"), and (c) authorizing and approving the assumption and assignment of the Operating Contracts (as defined below), and related relief, [Docket No. 120] (as supplemented by the (y) Notice of Filing of Revised Proposed Bidding Procedures Relating to Motion of Chapter 11 Trustee for Orders Pursuant to Sections 105(A), 363 And 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 6006: (a)(I) Establishing Bidding Procedures and Bid Protections in Connection With the Sale of Substantially All of the Assets of the Debtors, (ii) Approving the Form and Manner of Notices, (iii) Approving the Asset Purchase Agreement Subject to Higher and Better Offers And (iv) Setting a Sale Hearing Date; and (b)(i) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of Liens, Claims and Encumbrances, (ii) Authorizing the Assumption and Assignment of Certain Unexpired Leases and Executory Contracts; and (iii) Granting Related Relief [Docket No. 144] (the "Bid Procedures") and (z) Order (a) Approving Bidding Procedures for the Sale of Substantially All of the Debtors' Assets, (b) Scheduling an Auction and a Sale Hearing Related Thereto, (c) Approving

the Form and Manner of Notice of the Auction and the Sale Hearing, and (d) Approving Bidding Protections [Docket No. 145](the "Bid Procedures Order"); and it appearing that due and appropriate notice of the Motion, the Bid Procedures Order, the Bid Procedures, the Auction and the Sale Hearing having been given; and it appearing that no other notice of the relief granted by this Order need be given; and this Court having held a hearing on July 28, 2021 (the "Sale Hearing"); at which time all interested parties were offered an opportunity to be heard with respect to the Motion; and the Trustee having conducted a marketing process in compliance with the Bid Procedures Order and determined that the Buyer has submitted the highest and best bid for the assets of the Debtors (the "Purchased Assets") that the Buyer has offered to purchase as more specifically described in the Purchase Agreement between the Debtor and Buyer, dated as of December 19, 2017 (the "Purchase Agreement"); and all parties in interest having been heard, or having had the opportunity to be heard, regarding entry of this Order and approval of the sale of substantially all of the Debtors' assets to the Buyer and assumption and assignment of the Operating Contracts to Buyer; and based upon the record before this Court, this Court, makes the following findings of fact and conclusions of law:

    A.    This Court has jurisdiction to hear and determine the Motion and to grant the relief requested in the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of this case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

    B.    This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a).  To any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure as made applicable by Bankruptcy Rule 7054, this Court expressly finds that there is no just reason for delay in the implementation of this Order, and expressly directs entry of judgment as set forth herein.

C.      This proceeding is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(2)(A), (N) and (O).

D.      The statutory predicates for the Motion are sections 105, 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006, 9007 and 9014.

E.      As evidenced by the affidavits of service filed with the Court, (i) proper, timely and adequate notice of the Motion, the Bid Procedures Order, the Sale Hearing, the Sale Transaction, the Auction and the Bid Deadline as approved herein has been provided in accordance with Bankruptcy Rules 2002, 6004, 9007 and 9014, (ii) such notice was good, sufficient and appropriate under the circumstances and (iii) no other or further notice of the Motion, the Bid Procedures Order, the Sale Hearing, the Sale Transaction, the Auction or the Bid Deadline as provided herein is necessary or shall be required.

F.      A reasonable opportunity to object or be heard with respect to the Motion and the Sale Transaction has been afforded to all interested persons and entities, including, without limitation: (i) the U.S. Trustee, (ii) counsel for the Buyer, (iii) the Debtors' creditors, and (v) all other parties who filed requests for notice under Bankruptcy Rule 2002 in this case.

G.      Notice, as specified in the preceding paragraph and as evidenced by the affidavits of service filed with the Court, has been provided in the form and manner specified in the Motion and required by the Bid Procedures Order, and such notice is reasonable and adequate.

H.      The sale process for the Purchased Assets was conducted in accordance with the Bid Procedures Order.

I.      The Buyer is purchasing the Purchased Assets in good faith and is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code, and is therefore entitled to the protection of that provision.

J.      The Purchase Agreement was negotiated, proposed, and entered into by the Trustee and the Buyer without collusion, in good faith and from arms' length bargaining positions. Neither the Trustee nor the Buyer have engaged in any conduct that would cause or permit the Sale Transaction or any part of the transactions contemplated by the Purchase Agreement to be avoidable under section 363(n) of the Bankruptcy Code.

K.      As demonstrated by the record established at the Sale Hearing, the Trustee afforded interested potential buyers a full and fair opportunity to qualify as Qualified Bidders under the Bid Procedures and to submit an offer for the Purchased Assets.

L.      The consideration provided by the Buyer for the Purchased Assets pursuant to the Purchase Agreement (i) is fair and reasonable, (ii) is the highest and best offer for the Purchased Assets, (iii) will provide a greater recovery for all of the Debtors' stakeholders than would be provided by any other practical available alternative, and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, the Uniform Fraudulent Transfer Act, New York State Debtor Creditor Law and all other applicable laws.

M.      The Trustee has demonstrated a sufficient basis and compelling circumstances requiring the Trustee to enter into the Purchase Agreement and sell the Purchased Assets under section 363 of the Bankruptcy Code, and such actions are appropriate exercises of the Trustee's business judgment and are in the best interests of the Debtors, their estate, and their creditors.

N.      The marketing and bidding processes implemented by the Trustee and his advisors, as set forth in the Motion, were fair, proper, and reasonably calculated to result in the best value received for the Purchased Assets.

O.      The Trustee has full authority and power to execute and deliver the Purchase Agreement and related agreements and all other documents contemplated by the Purchase

Agreement, to perform its obligations therein and to consummate the Sale Transaction. Except as set forth in the Purchase Agreement, no additional consents or approvals are necessary or required for the Trustee to enter into the Purchase Agreement, perform his obligations therein and consummate the Sale Transaction.

P.   The Buyer would not have entered into the Purchase Agreement and would not consummate the Sale Transaction, thus adversely affecting the Debtors, their estates, and their creditors, if the Purchased Assets were not sold to it free and clear of all Claims and Encumbrances, except as set forth in the Purchase Agreement, or if the Buyer would, or in the future could, be liable for any Claims and Encumbrances against the Purchased Assets, except as set forth in the Purchase Agreement.

Q.   Selling the Purchased Assets other than free and clear of any and all liens, claims (as defined in section 101(5) of the Bankruptcy Code), security interests, mortgages, encumbrances, obligations, including employee benefit obligations charges against or interests in property, adverse claims, claims of possession, rights of way, licenses, easements or restrictions of any kind, demands, guarantees, actions, suits, defenses, deposits, credits, allowances, options, rights, restrictions, limitations, contractual commitments, rights of first refusal, rights of setoff or recoupment, or interests of any kind or nature whether known or unknown, legal or equitable, matured or unmatured, contingent or noncontingent, liquidated or unliquidated, asserted or unasserted, whether arising prior to or subsequent to the commencement of this chapter 11 case, whether imposed by agreement, understanding, law, equity or otherwise, subject to applicable law, including section 363 of the Bankruptcy Code (collectively, the "Claims and Encumbrances"), except as set forth in the Purchase Agreement would adversely impact the Debtors' estate, and the

sale of the Purchased Assets other than as free and clear of all Claims and Encumbrances would be of substantially less value to the Debtors' estate.

R.      The provisions of section 363(f) of the Bankruptcy Code have been satisfied. All holders of Claims and Encumbrances, if any, who did not object, or withdrew their objections to the Sale Transaction, are deemed to have consented to the Sale Transaction.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED, EFFECTIVE IMMEDIATELY, AS FOLLOWS:**

1.      The relief requested in the Motion is granted and approved in all respects, as set forth herein. The Trustee's entry into the Purchase Agreement and the Sale Transaction is hereby approved in all respects. Except as may be expressly provided herein, objections to the relief sought in the Motion that have not been previously resolved or withdrawn are hereby overruled on their merits.

2.      The Trustee is authorized and directed to take any and all actions necessary or appropriate to (a) consummate the Sale Transaction in accordance with the Motion, the Purchase Agreement and this Order, and (b) perform, consummate, implement and close fully the Sale Transaction, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Purchase Agreement including, without limitation, consenting to the assignment by the Buyer of any of its rights under or relating to the Purchase Agreement.

3.      Those holders of Claims and Encumbrances and other non-Debtor parties who did not object, or who withdrew their objections to entry of this Order, the Motion, the Bid Procedures Order, the Sale Hearing, the Sale Transaction and the Purchase Agreement are deemed to have consented to this Order, the Bid Procedures Order, the Sale Transaction and the Purchase

Agreement pursuant to section 363(f)(2) of the Bankruptcy Code and, except as set forth in the Purchase Agreement, are enjoined from taking any action against the Buyer, its successors, its assigns, its representatives, its affiliates, its properties, or any agent of the foregoing to recover any claim which such person or entity has against the Debtor or any of its affiliates or any of the Debtors' property.

**Sale and Transfer of the Purchased Assets**

4. Upon Closing, the Purchased Assets transferred, sold, and delivered to the Buyer shall be free and clear of all Claims and Encumbrances of any person or entity, except as set forth in the Purchase Agreement. The transfer of the Purchased Assets to the Buyer constitutes a legal, valid, and effective transfer of the Purchased Assets and shall vest the Buyer with all right, title, and interest in and to the Purchased Assets.

5. Upon closing of the Sale Transaction, this Order shall be construed as, and shall constitute for all purposes, a full and complete general assignment, conveyance, and transfer of the Purchased Assets pursuant to the terms of the Purchase Agreement.

6. On the Closing, all entities, including, but not limited to, the Debtors, creditors, employees, former employees and shareholders, administrative agencies, tax and regulatory authorities, governmental departments, secretaries of state, federal, state and local officials, and their respective successors or assigns, including, but not limited to, persons asserting any Claims or Encumbrance against the Debtors' assets, shall be permanently and forever barred, restrained and enjoined from commencing or continuing in any manner any action or other proceeding of any kind against the Purchased Assets or the Buyer (or its successors, assigns, agents or representatives) as alleged successor or otherwise with respect to any Claims and Encumbrances on or in respect of the Purchased Assets, except as set forth in the Purchase Agreement.

7.      Each and every term and provision of the Purchase Agreement, together with the terms and provisions of this Order, shall be binding in all respects upon all entities, including, but not limited to the Debtors, the Buyer, creditors, employees, former employees and shareholders, administrative agencies, governmental departments, secretaries of state, federal, state and local officials and their respective successors or assigns, including but not limited to persons asserting any Claim or Encumbrance against or interest in the Debtors' estates or the Debtors' assets, including any subsequent appointment of a trustee or other fiduciary under any section of the Bankruptcy Code.

8.      Upon the Closing, all entities holding Claims and Encumbrances of any kind and nature against the Debtors' assets hereby are barred from asserting such Claims and Encumbrances against the Buyer (or its successors, assigns, agents or representatives) and/or the Purchased Assets and, effective upon the transfer of the Purchased Assets to the Buyer upon Closing, except as set forth in the Purchase Agreement, the Claims and Encumbrances shall attach to the proceeds of the Sale Transaction with the same force, validity, priority and effect, if any, as against the Debtors' assets.

9.      This Order (a) is and shall be effective as a determination that, upon Closing, all Claims and Encumbrances existing as to the Debtors' assets conveyed to the Buyer have been and hereby are adjudged to be unconditionally released, discharged and terminated, with all such Claims and Encumbrances attaching automatically to the proceeds in the same manner and priority, except as set forth in the Purchase Agreement, and (b) shall be binding upon and govern the acts of all entities, including all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies or units, governmental departments or units, secretaries of state, federal, state and local officials and all

other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Debtors' assets conveyed to the Buyer.  All Claims and Encumbrances of record as of the date of this Order shall be deemed to be removed and stricken as against the Purchased Assets in accordance with the foregoing, except as set forth in the Purchase Agreement.  All entities are authorized and specifically directed to strike all such recorded Claims and Encumbrances against the Purchased Assets from their records, official or otherwise.

10. If any person or entity which has filed financing statements, mortgage, *lis pendens* or other documents or agreements evidencing Claims and Encumbrances on the Purchased Assets shall not have delivered to the Trustee prior to closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements and any other documents necessary for the purpose of documenting the release of all Claims and Encumbrances which the person or entity has or may assert with respect to the Purchased Assets, the Trustee is hereby authorized and directed upon closing, and the Buyer is hereby authorized upon closing, to execute and file such statements, instruments, releases and other documents on behalf of such person or entity with respect to the Purchased Assets.  Upon closing of the Sale Transaction, each of the Debtors' creditors is authorized and directed to execute such documents and take all such actions as may be necessary to release their respective Claims and Encumbrances against the Purchased Assets, and SDI shall release its liens upon receipt of $8,000,000 from the sale proceeds at Closing.

11. Upon closing, the Buyer (or its successors, assigns, agents or representatives) shall not be deemed to be (a) a successor to the Debtors, (b) *de facto* merged with the Debtors or (c) a

10

mere continuation of the Debtors. Without limiting the generality of the foregoing, and except as specifically provided in the Purchase Agreement, the Buyer (or its successors, assigns, agents or representatives) shall not be liable for any claims against the Debtors or any of their predecessors or affiliates or assets, other than as expressly provided for in the Purchase Agreement and/or in this Order.

12. Promptly following the Closing, the Trustee is authorized and directed to satisfy the agreed amount of the Debtors' outstanding secured indebtedness to SDI Matto JV Holdco LLC, in the amount of $8,000,000, from the proceeds of Sale Transaction or otherwise.

**Assumption and Assignment of Operating Contracts**

13. Exhibit C to the Purchase Agreement identifies all Operating Contracts the Buyer wishes to be assumed by the Trustee on the Debtors' behalf, and assigned by the Debtors to the Buyer (the "Operating Contracts"). All Contracts not identified in Exhibit C to the Purchase Agreement shall not be assumed by the Debtors and assigned to the Buyer and shall be referred to as "Excluded Contracts". The Trustee on behalf of the Debtors, is hereby authorized to assume in the Bankruptcy Case and assign to the Buyer, all the Operating Contracts, provided that the Buyer shall pay all scheduled and disclosed cure amounts in connection with such assumption, and assign said Operating Contracts to the Buyer.

**Additional Provisions**

14. The provisions of this Order and the Purchase Agreement and any actions taken pursuant hereto or thereto shall survive entry of any order which may be entered dismissing the Debtors' bankruptcy cases, and the terms and provisions of the Purchase Agreement as well as the rights and interests granted pursuant to this Order and the Purchase Agreement shall continue in

this or any superseding case and shall be binding upon the Trustee, the Debtors, the Buyer, and their respective successors and permitted assigns.

15.     Subject to the terms of the Purchase Agreement, if the Closing does not occur within sixty (60) days after the entry of this Order (as defined in the Purchase Agreement, the "Closing Date"), the Trustee shall move to consummate a transaction with SDI based on SDI's Backup Bid (as defined in the Bidding Procedures), including a credit bid of $8,000,000 for the real property assets of Ambica, and $200,000 cash bid for all of Maha Laxmi's personal property, as more fully set forth in the Bidding Procedures, with a closing to occur within thirty (30) days of the passage of the Closing Date without a successful Closing with the Buyer.  If the Closing with the Buyer does not occur on or before the Closing Date, SDI and the Trustee will also promptly submit an amended version of this Order for the Court's consideration with SDI as "Buyer" entitled to the protections of section 363 of the Bankruptcy Code.  In the event of a discrepancy between the Purchase Agreement and this paragraph 15 with respect to the Closing Date, the terms of the Purchase Agreement shall control.

16.     Every federal, state, and governmental agency or department and any other person or entity is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase Agreement.

17.     Nothing contained in any order of any type or kind entered in these chapter 7 cases or any related proceeding subsequent to entry of this Order, shall conflict with or derogate from the provisions of the Purchase Agreement or the terms of this Order.  The Debtors shall not make any statement, take any position, or take any act that supports an argument that the Buyer assumed debt that is not expressly assumed under the Purchase Agreement.

18. To the extent anything contained in this Order conflicts with a provision in the Purchase Agreement, this Order shall govern and control.

19. The Buyer is purchasing the Purchased Assets in good faith and is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code, and is therefore entitled to the protection of that provision. The consideration provided by the Buyer for the Acquire Assets is fair and reasonable, and the Sale Transaction may not be avoided under section 363(n) of the Bankruptcy Code.

20. This Court retains jurisdiction, to (a) interpret, implement and enforce the terms and provisions of this Order (including any injunctive relief provided in this Order) and the terms of the Purchase Agreement, all amendments thereto and any waivers and consents thereunder and of each of the agreements executed in connection therewith; (b) protect the Buyer (and its successors, assigns, agents and representatives) and the Purchased Assets from and against any of the Claims and Encumbrances; (c) resolve any disputes arising under or related to the Purchase Agreement or the Sale Transaction; (d) adjudicate all issues concerning (alleged) pre-Closing Claims and Encumbrances and any other (alleged) interest(s) in and to the Debtors' assets, including the extent, validity, enforceability, priority and nature of all such (alleged) Claims and Encumbrances and any other (alleged) interest(s); and (e) adjudicate any and all issues and/or disputes relating to the Debtors' right, title or interest in the Debtors' assets, the Motion and/or the Purchase Agreement.

21. This Order and the Purchase Agreement shall be binding in all respects upon all creditors (whether known or unknown) of the Debtors, all successors and assigns of the Buyer, the Debtors and their affiliates and subsidiaries, the Debtors' assets, and any subsequent trustees appointed in the Debtors' chapter 7 cases or dismissal of the Debtors' bankruptcy cases.

22.     The failure specifically to include any particular provisions of the Purchase Agreement in this Order shall not diminish or impair the efficacy of such provisions, it being the intent of the Court that the Purchase Agreement and every provision, term and condition thereof be, and therefore is, authorized and approved in its entirety.

23.     The provisions of this Order are non-severable and mutually dependent.

24.     The automatic stay of section 362(a) of the Bankruptcy Code shall not apply to and otherwise shall not prevent the exercise or performance by any party of its rights or obligations under the Purchase Agreement, including, without limitation, with respect to any cash held in escrow pursuant to the provisions thereof.

25.     This Sale Order shall take effect immediately and shall not be stayed pursuant to Bankruptcy Rules 6004(g), 6004(h), 6006(d), 7062, or otherwise.

###